IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS MARTINEZ,

        Plaintiff,

vs.                                                        CIVIL NO. 01-1317 LFG/JHG

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## REMANDING CASE TO STATE COURT

THIS MATTER is before the Court on Plaintiff's Motion to Remand Proceedings to State District Court [Doc. 20]. The Court considered the motion, response in opposition and reply, and determines that oral argument is not necessary.

### Background

Plaintiff Chris Martinez ("Martinez") filed suit against the State of New Mexico Department of Corrections in the Second Judicial District Court for the State of New Mexico. Martinez alleged employment discrimination in violation of NMSA 1978 § 28-1-1, the New Mexico Human Rights Act, as well as a common law breach of contract. ("This action is brought to secure the protection and to redress the deprivation of rights secured by the New Mexico Human Rights Act, NMSA 28-1-1, *et seq.*, herein referred to as "HRA," and pursuant to the common law of the State of New Mexico." [Complaint, ¶ 1]). Martinez does not allege that his cause of action is based on violations of 42 U.S.C. § 2000e, Title VII of the Civil Rights Act or on the violation of any other federal statute or constitutional right. However, because Martinez's allegations would also state a cause of action

under Title VII, Defendant State of New Mexico Department of Corrections ("State") removed Martinez's lawsuit to the United States District Court. The State asserts that the case was removed pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. [Doc. 1, ¶ 1]. Martinez, on the other hand, contends that the removal was wrongful and requests that the Court remand the case to state district court.

## Standard of Review

A plaintiff is considered to be the "master of his claim" and may appropriately chose the cause of action to plead and the forum within which to pursue his claim. Indeed, a plaintiff may prevent removal by choosing not to plead a federal claim, as there is a presumption against removal jurisdiction. Schmeling v. Nordham, 97 F.3d 1336, 1338 (10th Cir. 1996); Laughlin v. K Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995).

A federal court is required to strictly construe the removal statute and reject the removal of a lawsuit to federal court if there is any doubt as to the propriety of the removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). All doubts about removal are resolved in favor of remand. Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).

Unlike general jurisdiction state trial courts, a federal court's jurisdiction is limited. Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994), and the federal court should exercise jurisdiction only when it is clear that the cause of action comes within the court's authority. However, if removal was appropriate, a federal court is obligated to hear a case that comes appropriately within the court's jurisdiction. Colorado River Water Conservation Dist., 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976)(federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them).

It is with these precepts in mind that the Court turns to the present motion to remand.

## Analysis

Some of the statutory provisions which the State cited in its Notice of Removal are simply not applicable. For example, State cites 28 U.S.C. § 1332 as a basis for removal. This statute simply provides for removal when the amount in controversy exceeds $75,000, and the action is (1) between citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and, (4) a foreign state as plaintiff, and citizens of a state or of different states as defendants. Thus, the test is two pronged: the plaintiff's claims must exceed the jurisdictional threshold and must come within one of the four scenarios outlined in the statute. The pleadings in this case show that none of the circumstances outlined in § 1332 subsections 1 through 4 are applicable. The lawsuit is between citizens of the same state; no foreign state is involved; it does not involve citizens or subjects of foreign states; and, finally, no foreign state initiated this lawsuit against citizens. In sum, 28 U.S.C. § 1332 is simply not applicable.

The State next alleges removal due to the presence of a federal question under 28 U.S.C. § 1331, thereby invoking the provisions of §§ 1441 and 1446 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). This case does not involve any treaty. Thus, for removal to be proper, Martinez's claim has to involve a federal question and must arise subject to United States Constitution or under federal law. If there is neither a federal statutory nor a constitutional claim, then the State's removal was improper.

The State's theory is that Martinez's allegations which state a claim under New Mexico's Human Rights Act also state a claim under Title VII. The state contends that Martinez has "artfully pleaded" to avoid asserting a claim under federal law, and since the claims would be covered by a

federal statute, the case was removable. In effect, the State argues that it doesn't matter whether Martinez actually asked for a federal remedy as long as he could have, and, under the facts pled, removal was appropriate.

The State's argument would be compelling if Martinez artfully pleaded his complaint to defeat removal by failing to plead federal questions that are essential elements of his claim, or if his right to relief required resolution of a substantial question of federal law. Schmeling v. Nordham. Under the "complete preemption doctrine," a complaint alleging only a state cause of action may be removed to federal court on the theory that federal preemption makes the state law claim "necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546 (1987). "Complete preemption" goes beyond the usual preemption analysis and asks whether the "preemptive force of [the federal statute] is so powerful as to displace entirely any state cause of action . . . ." Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for So. Calif., 463 U.S. 1, 23, 103 S. Ct. 2841, 2853 (1983). The Tenth Circuit has interpreted "complete preemption" to mean that the federal cause of action must replace, or substitute for, the state cause of action. Schmeling, at 1342 (although the federal cause of action need not provide the exact same remedies as the state).

In order to prevail on its removal claim, therefore, the State would have to establish that Title VII was meant to completely preempt, that is, to replace any state cause of action under the New Mexico Human Rights Act. The federal statute's own language places an insurmountable obstacle in the path of this argument.

> Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a

4

> State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter.

42 U.S.C. § 2000e-7. *See also*, 42 U.S.C. § 2000h-4:

> Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter, nor shall any provision of this Act be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof.

In addition, the Supreme Court has noted that:

> State laws obviously play a significant role in the enforcement of Title VII . . . . Moreover, Title VII requires recourse to available state administrative remedies . . . . Given the importance of state fair employment laws to the federal enforcement scheme, pre-emption of the [New York] Human Rights Law would impair Title VII to the extent that the Human Rights Law provides a means of enforcing Title VII's commands.

Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 101-02, 103 S. Ct. 2890, 2902 (1983).

Far from "completing preempting" the State Human Rights Act, Title VII explicitly preserves it and was intended to act in tandem with it.

Under the "well-pleaded" complaint rule, a lawsuit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based" on federal law. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152, 29 S. Ct. 42, 43 (1908). In the present case, Martinez has been careful to couch his claims on violations of state law and has carefully avoided asserting a federal claim. Martinez has determined to seek his relief under and to be bound by the limitations of the New Mexico Human Rights Act. This is his right.

5

State also argues that Martinez's administrative complaint filed with New Mexico's Human Rights Commission refers to claimed violations under Title VII. This is true. As previously indicated, the same alleged conduct can constitute violations of both state and federal statutes. The fact that someone alleges violations of a federal statute in an administrative complaint does not compel the litigant to pursue a federal claim in court. As the "master of his claim," a plaintiff may forgo a federal claim even when such a federal claim is available. <u>Schmeling v. Nordham</u>. Such is the case here. While Martinez's administrative complaint indicates that the alleged conduct violated provisions of Title VII, he opted not to pursue a Title VII lawsuit in state court. Instead, the entirety of his claim is couched in violations solely of the Human Rights Act.

State finally argues that Martinez may seek to amend his complaint to raise federal issues. At this juncture, no such amendment has been sought or filed. A party's anticipation of a claim or defense based on federal law is not enough to make the case "arise under" federal law. <u>Louisville & Nashville R.R. v. Mottley</u>, 211 U.S. at 152; <u>Schmeling</u> at 1339. Thus, removal based on a yet-to-be-made claim is premature. Should Martinez opt to amend his complaint to raise a Title VII cause of action, then the State can properly remove the claim to federal court. At this time, however, Martinez's claim clearly fails to raise a federal question or a violation of the federal Constitution as required for federal question jurisdiction under 28 U.S.C. § 1331.

The Court finds that there is no federal question jurisdiction, and that removal of this case from state court was improper. THEREFORE, IT IS ORDERED that this case is remanded to state court.

                                                                          Lorenzo F. Garcia
                                                                          United States Magistrate Judge